| | | |
|---|---|---|
| IN RE: | Gregory A. Bennett | : | Chapter 13 |
| | Debtor. | : | Bankruptcy No. 19-12991 (amc) |

_____

| | |
|---|---|
| | : |
| Gregory A. Bennett | : |
|     Debtor/Plaintiff | : |
| v. | :   Adv. Proc. No. 24-00020-AMC |
| | : |
|   Duane Morris LLP and | : |
| Hard Money PA LLC and | : |
| Erion Real Estate Investors, LLC | : |
|     Defendants. | : |

### SECOND AMENDED COMPLAINT SEEKING CIVIL CONTEMPT AND SANCTIONS FOR VIOLATION(S) OF THE AUTOMATIC STAY

#### AND

### COMPLAINT FOR DETERMINATION OF DAMAGES FOR VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, AND THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

#### AND

### FOR DAMAGES FOR VIOLATIONS OF THE FDCPA BY DEFENDANT DUANE MORRIS, LLP

#### AND

### COMPLAINT FOR DETERMINATION PURSUANT TO 11 U.S.C § 1327(C) AND ¶7(a)(1) OF DEBTOR'S FOURTH CONFIRMED CHAPTER 13 PLAN THAT TITLE TO DEBTOR'S HOME VESTED IN DEBTOR FREE AND CLEAR OF THE LIEN REPRESENTED BY THE DEFEASIBLE TAX SALE DEED FROM THE SHERIFF THAT SECURED THE ALLOWED SECURED CLAIM FOR THE REDEMPTION AMOUNT DUE FOR WHICH DEBTOR'S CONFIRMED PLAN PROVIDES

#### AND

### COMPLAINT SEEKING AN ORDER DETERMINING THE PUTATIVE MORTGAGE ON DEBTOR'S HOME DATED NOVEMBER 9, 2021 AND RECORDED JANUARY 14, 2022 FROM ERION REAL ESTATE INVESTORS, LLC TO HARD MONEY PA LLC IN THE AMOUNT OF $64,518.33 TO BE NULLITY, FRAUDULENTLY EXECUTED BY A PARTY WITH NO INTEREST IN THE PROPERTY IN VIOLATION OF THE AUTOMATIC STAY AND THE PROVISIONS OF DEBTOR'S CONFIRMED CHAPTER 13 PLAN, OR, IN THE ALTERNATIVE, IS VOID IN WHOLE OR IN PART PURSUANT TO 11 U.S.C §506(d)

## PRELIMINARY STATEMENT

The instant complaint is filed by Gregory E. Bennett ("Debtor", "Plaintiff" or "Mr. Bennett"), pursuant to Bankruptcy Rule 7001: for an order declaring as void, and as a cloud on debtor's title, the putative mortgage on his home in the amount of $64,518.33 conveyed by Erion Real Estate Investors, LLC, who at the time had no interest in Debtor's home to Hard Money PA LLC by document dated November 9, 2021 and recorded on January 14, 2022; to determine pursuant to 11 U.S.C. § 1327(c) and ¶7(a)(1) of Debtor's 4th Amended Plan that title to Debtor's home vested free and clear of the of the lien represented by the defeasible tax sale deed from the sheriff that secured the allowed secured claim for the redemption amount due for the which the Debtor's plan provides. In addition, Debtor seeks damages against Defendants for violations of 11 U.S.C. § 362(k) for "willful" violation(s) of the automatic stay; damages against Defendants for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL"), and the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") and damages against Defendant Duane Morris LLP for violation of the FDCPA.

## JURISDICTION & VENUE

1.      Jurisdiction over this matter is conferred upon this court by 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2), (A), (B) (C), (K) and (O).   Debtor consents to the entry of a final order in this case by the Bankruptcy Court. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

2.      Plaintiff, Gregory E. Bennett is an adult individual residing at 519 N. Wanamaker Street, Philadelphia, PA 19131.

3.      Defendant, Duane Morris LLP ("Duane Morris") is a Limited Liability General

Partnership with its principal office located at 30 S. 17th Street, Philadelphia, PA 19103.

4.      Defendant, Hard Money PA LLC ("Hard Money") is a Limited Liability Company with

its principal office located at 10015 Old Columbia Road, Suite H-125, Columbia, MD 21046.

5.      Defendant, Erion Real Estate Investors, LLC ("Erion") is a Limited Liability Company

with its principal office located at 1528 Elmwood Avenue, Apt. 202, Folcroft, PA 19032.


## STATEMENT OF FACTS

### Events Leading Up To Gregory Bennett's Chapter 13 Bankruptcy

6.      Gregory E. Bennett, ("Plaintiff" or "Debtor"), has peacefully resided in his home located

at 519 N. Wanamaker Street, Philadelphia, PA 19131 for the past twenty-five ("25") years.

Mr. Bennett has resided in the property since 1999, becoming the lawful owner in 2006.

7.      A review of the 2006 DEED in the Philadelphia Registry of Deeds reveals the following:

|              |                                    |
| ------------ | ---------------------------------- |
|              | **Rec. Date:** 06/27/2006          |
| **DEED**     | **Grantor:** BENNETT GREGORY E     |
| **51472601** | HUDSON SARA CHARITY                |
|              | **Grantee:** BENNETT GREGORY E     |
|              | **Legal:** 519 N. Wanamaker St     |
|              | Parcel: 062N08-0211                |

Philadelphia Registry of Deeds. *See* ¶ Ex. 1.

8.      Some time prior to June 21, 2018, Debtor had difficulty paying his real estate taxes due to

a lack of financial resources and his property was sold at a sheriff's sale on June 21, 2018 to

Patrice Laporte for the sum of $27,500.00.  The Sheriff's Deed transferring ownership to Patrice

Laporte was recorded in Philadelphia on August 17, 2018.

9.      A review of the Sheriff's Deed recorded on August 17, 2018 in the Philadelphia Registry

of Deeds reveals the following:

|  | **Rec. Date:** 08/17/2018 |
|---|---|
| **DEED SHERIFF** | **Grantor:** BENNETT GREGORY E |
|  | **Grantee:** LAPORTE PATRICE |
| **53405852** | **Legal:** 519 N. Wanamaker St |
|  | Parcel: 062N08-0211 |

Philadelphia Registry of Deeds. *See* ¶ Ex. 1.

10.     At all times relevant Debtor resided in the Property putting all the world, including Defendants Hard Money and Duane Morris, of Debtor's interest in the Property, equivalent to that interest having been recorded in the department of records.

11.     This "**DEED SHERIFF**" notation in the title history would place any reasonable person on notice that the owner ("Gregory E. Bennett") has a Right of Redemption pursuant to 53 P.S. § 7293, commonly known as the Municipal Claims and Tax Lien Act (the "Act").

12.     Patrice Laporte sold his inchoate, defeasible interest subject to Gregory Bennett's <u>Right of Redemption</u> to Erion for the sum of $6,000.00 on January 21, 2019.  The Deed transferring ownership from Patrice Laporte to Erion was recorded on January 28, 2019, and notably states **NOT INSURED**. *See* ¶ Ex. 2.

13.     A review of the 2019 DEED in the Philadelphia Registry of Deeds reveals the following:

|  | **Rec. Date:** 01/28/2019 |
|---|---|
| **DEED** | **Grantor:** LAPORTE PATRICE |
|  | **Grantee:** ERION REAL ESTATE INVESTORS LLC |
| **53470588** | **Legal:** 519 N. Wanamaker St |
|  | Parcel: 062N08-0211 |

Philadelphia Registry of Deeds. *See* ¶ Ex. 1.

14.     Erion is owned and operated by Stephen Duffus-Doyle.  *See United States of America v. Stephen Duffus-Doyle*, Case #:2:23-cr-00469-PD (The U.S. Department of Justice filed an indictment against Stephen Augustus Duffus-Doyle on November 1, 2023 alleging 15 counts of wire fraud (18 USC § 1343), and 1 count of criminally derived property ( 18 USC § 1957).

Mr. Duffus-Doyle (Register # 86587-510) was arrested on November 13, 2023, and placed in pre-trial detention at FDC Philadelphia).

**<u>Events After Gregory Bennett's Chapter 13 Bankruptcy Filing</u>**

15.     On May 8, 2019, the Debtor filed a voluntary  chapter 13 petition and filed a plan by providing for the payment of Erion's secured claim over time in his chapter 13 plan as he is permitted to do.  *See In re Marshall,* 613 BR 194, 218 (Bankr. Court, ED Pa. 2020).

16.     On May 10, 2019, the Debtor filed his original chapter 13 plan setting forth the following provision in Part 9:

> Upon full repayment to **Erion Real Estate Investors, LLC**, Creditor will recognize satisfaction of lien by re-conveying the property with a corrective deed to the debtor which will acknowledge defeasance of the incipient interest manifested by the Tax Deed to secure payment of redemption claim which ceases to exist as a result of payment of the redemption amount.

17.     On July 1, 2019, Erion represented by Howard Ford, Esq. filed a Motion for Relief attempting to enforce a non-existent oral lease against Mr. Bennett.  *See* Def.'s Motion for Stay Relief ¶ 4-5 (D.I. # 16).

18.     On July 25, 2019, Mr. Bennett filed a Complaint against Erion seeking civil contempt and sanctions for violations of the Pennsylvania Fair Credit Extension Uniformity Act and Pennsylvania Unfair Trade Consumer Protection Law in connection with Erion's unlawful demands for immediate possession and rent.  *See* 19-00147-amc.  (D.I. # 1).

19.     On July 29, 2019, Erion represented by Howard Ford, Esq. filed a Praecipe to Withdraw its Motion for Relief.  *See* Def.'s Praecipe (D.I. # 23).

20.     On September 5, 2019, Erion's second attorney, Michael W. Gallagher, Esq. filed a Request for Notices. *See* (D.I. # 26).

21.     On September 25, 2019, Erion represented by Michael W. Gallagher, Esq. filed its Motion to Dismiss the Adversary Proceeding Complaint. *See* 19-00147-amc.  (D.I. # 4).

22.     On October 1, 2019, a hearing was held in connection with the Motion to Dismiss the Complaint before Judge Chan where the court retained jurisdiction over the aforementioned state law violations and further stated in open court:  "this lawyer did something wrong filing this stay relief motion and the purchaser/investor clearly should not be asking the debtor to vacate in-person at the property; attempting to charge rent; attempting to enter an oral lease; or applying/procuring a owners rental license." *See* Order at (D.I. # 9, Case # 19-00147).

23.     Shortly after the October 1, 2019 hearing, Erion resolved its transgressions by way of monetary settlement with Gregory Bennett and the Complaint was dismissed.

24.     On November 8, 2019, Erion represented by Michael W. Gallagher, Esq. filed an Objection to Confirmation of Debtor's Chapter 13 Plan seeking the redemption amount ($27,500) plus statutory interest (10%). The within Objection stated at ¶4 that "**Erion does consent to the entry of a final order or judgment by the court**." *See* (D.I. # 28)

25.     On May 18, 2020, Debtor's 3rd Amended Plan proposed to pay Erion ($27,500) plus statutory interest (10%), resulting in a total repayment of $41,250.00. *See* D.I. #44.

26.     In the instant case, Gregory Bennett has to date paid $34,036.80 to Erion with a balance of $12,713.20 owed to complete the confirmed plan payment.  See ¶ Ex. 3.

**Rights and Responsibilities of Parties in Chapter 13 Bankruptcy at Confirmation**

27.     On May 20, 2020, the Bankruptcy Court confirmed Bennett's plan. *See* D.I. #49.

28.     This case presents the well settled issue of the finality of a confirmation order and its impact on the rights and responsibilities of debtors and creditors in Chapter 13 bankruptcy cases.

29.     A proposed bankruptcy plan becomes effective upon confirmation, see §§ 1324, 1325, and will result in a discharge of debts listed in the plan if the debtor completes the payments the plan requires, see § 1328 (a).

30.     The Bankruptcy Code makes clear that confirmation of a plan carries real weight. Specifically, the Code mandates that "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a).

31.     The policy of finality, as evidenced by § 1327, provides that, absent fraud, confirmation of a debtor's plan binds both the debtor and the creditors. Under § 1327, a confirmation order is *res judicata* as to all issues decided or which could have been decided at the hearing on confirmation. *In re Fred J. Szostek*, 886 F.2d 1405 (3d Cir. 1989).

32.     The salient provisions of the Confirmation Order state: WHEREFORE, it is ORDERED:

1.      That the plan is CONFIRMED

2.      that pursuant to 11 U.S.C. 1327 **the provisions of the confirmed plan bind the debtor and each of the creditors** of the debtor, whether or not the claim of such creditor is provided for by the plan, and whether or not said creditor has objected to, has accepted or has rejected the plan; and

3. **that all property of the estate**, including any income, earnings, other property which may become a part of the estate during the administration of the case which property is not proposed, or reasonably contemplated, to be distributable to claimants under the plan **shall revest in the debtor**(s); provided, however, that no property received by the trustee for the purpose of distribution under the plan shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan.

Date: May 20, 2020

Honorable Ashely M. Chan
United States Bankruptcy Judge

D.I. # 49.

7

33.     11 U.S.C. § 1327(a) states clearly: "The provisions of a confirmed plan bind the debtor

and each creditor…"Bind" means "to put under legal restraint, or contract to be obligatory."

*See Padilla v. GMAC Mortgage Corp. (In re Padilla),* 389 B.R. 409, 429 (Bankr. E.D. Pa.

June 30, 2008).

34.     The finality of confirmed plans was discussed by the Supreme Court in *Stoll v. Gottlieb*,

305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). At issue in *Stoll* was a corporate debtor's plan

which included cancellation of a guaranty to pay a bond. Prior to confirmation, there had been no

objections to the plan. After confirmation, however, the creditor filed an action in state court to

recover on the guaranty. The Supreme Court held that the finality of the bankruptcy confirmation

order barred the creditor from litigating its claim.  *Stoll v. Gottlieb*, 305 U.S. at 171.

35.     Similarly, in *In re Penn Central Transportation Company*, 771 F.2d 762 (3d Cir.1985),

the third circuit held that a creditor who received notice of a railroad reorganization and failed to

participate in the proceedings was barred from litigating an antitrust claim.  The court held:

> "the purpose of bankruptcy law and the provisions for reorganization could not be
> realized if the discharge of debtors were not complete and absolute; that if courts should
> relax provisions of the law and facilitate the assertion of old claims against discharged
> and reorganized debtors, the policy of the law would be defeated; that creditors would not
> participate in reorganization if they could not feel that the plan was final, and that it
> would be unjust and unfair to those who had accepted and acted upon a reorganization
> plan if the court were thereafter to reopen the plan and change the conditions which
> constituted the basis of its earlier acceptance."
>
> *In re Penn Central Transportation Company*, 771 F.2d at 676 (3d Cir.1985).

36.     The purchaser at the tax sale (Patrice Laporte), as a result of the sale, became a creditor

of the Debtor with a right to payment of the redemption amount.  Mr. Laporte sold his inchoate,

defeasible title subject to Gregory Bennett's Right of Redemption to Erion on 01/19/19.

37.     Erion's right to payment was secured by the tax sale deed from the sheriff which created an "inchoate" interest that was "defeasible," in the same way a mortgage is defeasible.

38.     At the time of Bennett's bankruptcy filing, the third party tax sale purchaser (Erion) had a lien that had no more validity and created no greater rights than a mortgage, and because the lien was not the result of a security agreement, but a statutorily created lien, the rights of the holder of the lien became subject to modification pursuant to 11 U.S.C. Section 1322(b)(2) and the provisions of the confirmed chapter 13 plan once the bankruptcy was filed. *See In re Pittman*, 549 BR 614 - Bankr. Court, ED Pa 2016, *Shalemiller v. McCarty*, 55 Pa. 186, 188 (Pa.1867).

39.     Thus, after the bankruptcy was filed and a plan confirmed, the dimensions of the lien were no longer determined by the state law, but by the terms of the confirmed plan.

40.     The elimination of the lien on debtor's home occurred at confirmation because the claim holder, having failed to object to the plan ¶7 is deemed to have accepted the provision. *In re Fred J. Szostek*, 886 F.2d 1405 (3d Cir. 1989); 11 U.S.C. § 1325(a)(5)(A).

41.     Pursuant to 11 U.S.C. § 1327(c) and paragraph 7(a)(1) of chapter 13 plan, all property of the estate revested in the debtor free and clear of the lien represented by the defeasible tax sale deed that secured Erion's allowed secured claim, for which Debtor's confirmed chapter 13 plan provides.

42.      Post confirmation, Erion had nothing more than an allowed secured claim that could be and was modified and dealt worth in any manner provided by § 1322; 1325 and the rest of the applicable provisions of the code.

43.     As poignantly stated by Chief Justice Roberts in *Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1692 *(2015) "Confirmation….*alters the status quo and fixes the rights and obligations of the parties. When the bankruptcy court confirms a plan, its terms become binding on debtor and

creditor alike. 11 U.S.C. § 1327(a). Confirmation has preclusive effect, foreclosing relitigation of any issue actually litigated by the parties and any issue necessarily determined by the confirmation order."

44.     The Supreme Court held in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275, (2010) that Subject to certain exceptions, confirmation "vests all of the property of the [bankruptcy] estate in the debtor," and renders that property "free and clear of any claim or interest of any creditor provided for by the plan." §§ 1327(b), (c).

45.     As of the date of confirmation (May 20, 2020), Mr. Bennett is the holder of legal title to his home, free and clear of all claims by all creditors including Erion, and has the sole right to possession of that home.

46.     On September 21, 2021, Debtor filed a Motion to Modify his confirmed chapter 13 plan due to a material financial hardship post-confirmation. *See* D.I. # 58

47.     Debtor's 4th Amended Plan extended the repayment term to 84 months resulting in a total repayment of $46,750.00 to Erion. *See* D.I. # 60.

48.     An Order granting the Motion to Modify was entered on October 29, 2021. *See* D.I. # 78.


**Fraudulent Actions by Erion Which Were Additionally In Violation of the Confirmation Order or the Automatic Stay**


49.     On November 8, 2021, Hard Money entered into a loan agreement with Erion to lend borrower $50,000.00. The loan was evidenced by a promissory note dated 11/8/21.

50.     To secure the obligations under the note, Erion executed and delivered to Hard Money a putative open-ended non-purchase money mortgage dated 11/9/21 and recorded on 01/14/22 on the real property located at 519 N. Wanamaker Street, Philadelphia, PA 19131 (Debtor's Home). *See* ¶ Ex. 4.

51. The Property described in the putative mortgage was all of 519 N. Wanamaker Street, Philadelphia, PA 19131 and was not limited in any way to the interest, if any of Erion in the Property.

52. At the time the mortgage was executed, Erion had no interest in the Property as by that time the Property had been reconveyed to Debtor under the terms of Debtor's confirmed chapter 13 plan free and clear of the lien that Erion might otherwise have had to secure payment of its allowed secured claim.

53. Because Debtor was in possession of the Property at the time the mortgage was executed to Hard Money, Hard money had constructive notice that Erion had no interest in the Property, which notice is equivalent to actual notice of Debtor's interest, including notice of his bankruptcy and the provisions of his confirmed chapter 13 plan.

54. A review of the 2022 DEED in the Philadelphia Registry of Deeds reveals the following:

| | |
|---|---|
| **DEED Misc.**<br><br>53944577 | **Rec. Date:** 01/14/2022<br>**Grantor:** ERION REAL ESTATE INVESTORS LLC<br>**Grantee:** HARD MONEY PA LLC<br>**Legal:** 519 N. Wanamaker St |

Philadelphia Registry of Deeds. *See* ¶ Ex. 5.

55. The interest in Debtor's home acquired by Hard Money from Erion as a result of the document recorded on January 14, 2022 conveyed no interest to Hard Money greater than the interest which Erion possessed in the Property at the time, which is to say it conveyed no interest to Hard Money.

56. Erion defaulted on its payments to Hard Money; owing $64,518.33 as of 08/10/22.

57. Because Erion had no interest in Debtor's home at the time it purported to convey a mortgage in the Property to Hard Money, the mortgage from Erion to Hard Money is a nullity that conveyed nothing to Hard Money and is an unlawful cloud on Debtor's title.

58.     In addition, the mortgage itself was as it was executed fraudulently in violation of the express provisions of Debtor's confirmed Chapter 13 plan and the order of confirmation.

59.     Alternatively, if for any reason the Property did not vest in Debtor free and clear of all claims and interests of Erion upon confirmation and somehow remained an interest of the bankruptcy estate, then the conveyance by Erion of property of the estate or of an interest in property of the estate constituted a knowing and willful violation of the automatic stay in violation of 11 U.S.C. §362(a)3,(a)(4) and (a)(5). As a result, the conveyance is a nullity as having been executed in violation of the stay and Erion is liable for damages for contempt pursuant to 11 U.S.C §362(k)(1), including attorney's fees and costs and punitive damages.

60.     Erion, after litigation, was granted an allowed secured proof of claim in the amount  of $46,750.00, including present value interest. (Proof of Claim # 5). *See* ¶ Ex. 3.

61.     To date Debtor has paid $34,036.80 of that amount to Erion with a balance of $12,713.20 owed to complete the confirmed plan payment.

62.     Pursuant to 11 U.S.C.§506(d) any lien Erion might otherwise have had prior to the determination of its allowed secured claim is void to the extent it exceeded $46,750.00 even before the plan was confirmed, and the balance due on the allowed secured claim has been reduced to $12,713.20 as the result of payments Debtor has made on the claim.

**Actions by Hard Money PA LLC and Duane Morris LLP In Violation of the Confirmation Order or the Automatic Stay and in Violation of the PA FCEUA and in the Case of Duane Morris in Violation of the FDCPA**

63.     On November 10, 2022, Duane Morris attorney Ryan A. Gower, Esq. filed with the Prothonotary of the Court of Common Pleas of Philadelphia a Confession of Judgment Complaint with <u>Averment of Mortgage</u> acting under a warrant to confess judgment in a promissory note between Erion and Hard Money.   *See* ¶ Ex. 6.

64. The 35-page Complaint omits Debtor's name ("Gregory E. Bennett") but includes his residential address ("519 N. Wanamaker Street, Philadelphia, PA 19131") nineteen ("19") times throughout the Complaint. *See Id.*

65. Despite the inclusion of his mailing address – 19 times, Debtor did not receive notice of this Confession of Judgment Complaint with <u>Averment of Mortgage</u> on his residential property. *Id.*

66. On July 12, 2023, attorney Gower filed a praecipe for the Prothonotary to enter judgment and to issue a writ of execution to the Philadelphia Sheriff in order **to sell the property at 519 N. Wanamaker Street, Philadelphia, PA 19131 to satisfy a confessed judgment against Erion in the amount of $64,518.33** Attorney Gower signed the praecipe for the writ of execution and directed the Philadelphia Sheriff to sell Gregory Bennett's property. The Prothonotary's office entered judgment and simultaneously issued the writ (No. 2310-415), directing the sale of the Property, owned solely by Debtor, to satisfy a judgment in the amount $64,518.33 against Erion. *See* ¶ Ex. 7. Nothing in the documents filed by Duane Morris indicated that asking to execute only on the putative interest of Erion in the Property. To the contrary, the documents prepared by Duane Morris as the debt collector for Hard Money, expressly directs the sale of the entire Property.

67. At all times relevant Debtor was the sole owner of the Property free and clear of all claims and interests of Erion, whose claim was provided for in the plan. 11 U.S.C. §1327(c); Chapter 13 plan ¶ 7(a)(1).

68. At no time relevant was Debtor liable to Hard Money in any amount, and in no case was Debtor or the property of Debtor liable to Hard Money or to Erion in the amount of $64,518.33.

69.     At all times relevant Defendant Duane Morris, LLP was acting as a debt collector within the meaning of the federal Fair Debt Collection Practices Act attempting to collect a debt for Defendant Hard Money.

70.     Duane Morris regularly engages in the collection of consumer debts in the Eastern District of Pennsylvania.

71.     Duane Morris is a consumer debt collector as defined under 15 U.S.C. §1692(a)(6) of the FDCPA and FCEUA, 73 P.S. § 2270.3.

72.     Defendants Hard Money and Duane Morris acted in violation of CPL, and FCEUA, when they filed a writ of execution seeking to execute not just on Erion's interest in Debtor's home but on the entire property and when they tried to collect from the sale of that property $64,518.33.

73.     By doing so Hard Money and Duane Morris misrepresented the existence of a claim against property of the Debtor when none existed, misrepresented the nature of that claim and misrepresented the amount of that claim. 73 P.S. § 201-2(4)(xxi) "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

74.     In addition, Duane Morris by preparing and filing of record the aforementioned documents also violated 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(10), and 1692f of the FDCPA.

75.     In addition, Defendants Hard Money and Duane Morris had the property advertised for sale in *The Legal Intelligencer* on September 12, 2023. See ¶ Ex. 8.

**2310-415**
**519 N Wanamaker St 19131 4th WD  825 Sq. Ft.**
**BRT# 43140900 Improvements: Residential Property**
**2310-415  C.P. Nov 2022  No. 01165**
**$64,518.33 Duane Morris LLP**

76.     Nothing in *The Legal Intelligencer* advertisement filed by Defendants indicated that

they were executing only on the putative interest of Erion in the Property. To the contrary, the advertisement prepared by Duane Morris as the debt collector for Hard Money, expressly directs the sale of the entire Property to satisfy a confessed judgment against Erion in the amount of $64,518.33.

77.     Defendants listed the entire Property for sale not less than 9 times (October 3, 2023, November 7, 2023, December 5, 2023, January 9, 2024, February 6, 2024, March 5, 2024, June 4, 2024, August 6, 2024, and  December 3, 2024) describing the property by its address, and its BR #, without qualification of whose interest in the property is being subject to sale and that interest subject to sale is a limited one, i.e., the putative interest if any that Erion might have had in the property.

78.     Each advertisement and each relisting for sale of the entire Property constituted a separate event and violation of the FCEUA for both Defendants Hard Money and Duane Morris and a separate violation by Duane Morris of the FDCPA.

79.     At all times relevant, Hard Money and Duane Morris had constructive notice that Erion had no interest in the Property, as Debtor was in possession of the Property and Duane Morris and Hard Money, for this reason had constructive notice of his ownership of his sole ownership of the property and of his bankruptcy, and the terms of his confirmed chapter 13 plan.

80.     At all times relevant Defendants Hard Money and Duane Morris had actual knowledge that Erion had either no interest in the Property or only a limited interest in it, but turned a blind eye to that knowledge in order to position itself to illegally collect from the property of Debtor a debt for which neither nor his property was liable.

81.     The chain of title upon which Hard Money relies demonstrates that the interest of Erion is based on a defeasible interest obtained as the result of a tax sale of Debtor's interest in the property.

82.     Despite this in paragraphs 6 and 7 of the Rule 3129.1 notice fail to identify Debtor either as a party with a record interest in the property whose interest may be affected by the sheriff sale of the property or as a person of whom plaintiff has knowledge who has "any interest in the property which may be affected by the sale." *See* ¶ Ex. 7.

83.     Defendants Hard Money and Duane Morris failed to amend either the description of the property in the writ of execution or in the sale advertisements even after they admit that they became actually aware of Debtor's sole interest in the Property, of his bankruptcy and the provisions of his confirmed chapter 13 plan.

84.     Defendants are imputed to have actual knowledge of Debtor's interest in the property both because the deed to Debtor and the tax sale deed from Debtor, which created the lien which Erion claims to possess, are matters of record and because Defendants have constructive notice of Debtor's interest in the property given his possession of the property.   This constructive notice, also imputes to Defendants notice of Debtor's bankruptcy and everything that happened in it at the time they filed the initial confessed judgment and at the time they obtained the initial writ of execution and filed the initial 3129.1 notice.

85.     Defendants repeatedly describe the property they wish to execute upon as the property itself, and not "the interest of Erion in the described property."  Defendants also identify the property as being the same property that was conveyed by a previous deed, without identifying the limited interest that deed conveyed.  By doing so, Defendants appear to be trying to collect, or threatening to collect, a debt by selling a property belonging to Debtor which they have no

right to sell, In so doing, Defendants violate several of the express provisions of the FCEUA and in the case of Defendant Duane Morris the FDCPA.

86.     If for any reason the property did not vest in Debtor free and clear of the claims of Erion upon confirmation, then the above described actions of Hard Money and Duane Morris also constitute violations of 11 U.S.C. § 362(a)(3),(4) and (5).

87.     Debtor did not receive notice of this praecipe for the writ of execution nor the writ of execution instructing the Philadelphia Sheriff to sell his residential property. *See Id.*

88.     Attorney Gower's first notification to Gregory Bennett that his property was to be sold at sheriff's sale arrived on September 21, 2023, in the form of a one-page Notice of Sheriff's Sale indicating that the property was scheduled to be sold at a Philadelphia County Sheriff's Sale on November 7, 2023 at a Public on-line auction conducted by Bid4Assets. *See* ¶ Ex. 9.

89.     As indicated in Mr. Bennett's Affidavit dated 2/16/2024, the impending sheriff sale on 11/7/2024, and the uncertainty associated with receiving the notification caused him to experience depression, anxiousness, sleep deprivation, and humiliation. He also experienced stomach discomfort and light headedness, and reported that it was necessary for blood pressure medication to be administered for the first time. *See* ¶ Ex. 10.

90.     Despite his distress, Debtor immediately contacted his counsel who diligently attempted to stop the impending sheriff's sale by communicating with Duane Morris ad nauseam.

91.     Debtor's counsel contacted Duane Morris attorneys Ryan Gower and Edward McKee on over a dozen occasions via e-mail and telephone to request that they cancel the pending sheriff's sale of the debtor's home in confirmed chapter 13 bankruptcy case. See ¶ Ex. 11.

92.     On November 20, 2023, at 4.34 PM, Debtor's counsel advised attorneys Gower and McKee that Gregory Bennett is very distressed after receiving a Notice of Sheriff Sale, and

demanded proof of cancellation of the sheriff's sale by Nov. 29th in order to facilitate an *amicable* resolution.

93.     Mr. Bennett requested time off from his employer on 10/27/23; 10/28/23; and 11/6/23 "for the purposes of rest and relaxation due to exhaustion, anxiousness, and mild symptoms of depression associated with the continued aggravation caused by Defendants in threatening to take away his home over the past few months."

94.     On November 30, 2023, at 2.54 PM, Debtor's counsel advised attorneys Gower and McKee that Gregory Bennett is undergoing significant emotional distress in response to Defendants' numerous attempts (October 3, 2023, November 7, 2023, December 5, 2023) to sell his house at sheriff's sale, and despite the passage of 70 days, the pending sheriff's sale scheduled for January 9, 2024 had not been cancelled. Yet again, Debtor's counsel requested that attorneys Gower and McKee cancel the pending sheriff's sale.

95.     Throughout the month of December 2023, Mr. Bennet described the emotional turmoil fearing the loss of his home, stating:

> "the continued litigation aggravated my emotional spirit as my spouse succumbed to an medical illness and passed away, and these unresolved circumstances caused me unnecessary emotional distress during the transition of my wife's passing. These unresolved circumstances have resulted in emotional and physical distress personally that caused the cancellation of December medical appointments due to, "unresolved emotional personal upheaval", as delineated by medical staff of Dr. Walter Bantum's medical office."

96.     On 12/8/23; 1/16/24; and 03/05/24, Mr. Bennett experienced physical and emotional distress due to the pending sheriff's sale and sought out medical treatment with his physician, Dr. Walter Bantum, who found it necessary to prescribe medication for hypertension to help alleviate Mr. Bennett's physical distress.

97.     On February 8, 2024, Mr. Bennett requested a psychiatric appointment with Dr. Leon Clarke due the continued litigation and the negative impact the pending sheriff's sale had on his mental health.

98.     Undeterred, Duane Morris scheduled the debtor's home for sheriff's sale on December 3, 2024. *See* https://www.bid4assets.com/auction/index/1143423. See ¶ Ex. 12.

99.     Nothing in the *Bid4Assets.com* description of the property submitted by Defendants indicates that they are executing only on the putative interest of Erion in the Property:

## Philadelphia County, PA Sheriff Sale: 519 NORTH WANAMAKER STREET



**ASSET INFORMATION**

**ITEM SPECIFICS – PARCEL INFORMATION**

**Parcel Information**
OPA               043140900
Address           519 NORTH WANAMAKER STREET
                  PHILADELPHIA, PA 19131
**Other Properties**
County            Philadelphia
Sheriff Number    24000285
Attorney          DUANE MORRIS LLP
Plaintiff         HARD MONEY PA LLC
Book/Writ         2310-415
Address           519 NORTH WANAMAKER STREET PHILADELPHIA PA 19131
Sale Type         NEW ARREST

**Property Description** 519 NORTH WANAMAKER STREET PHILADELPHIA PA 19131
Property Data for OPA #043140900
Ward: 4TH
Sale Type: NEW ARREST
Court Case #: 221101165

See ¶ Ex. 13.

100.    To the contrary, the aforementioned property description and/or asset description

submitted by Duane Morris as the debt collector for Hard Money, expressly directs the sale of

the entire Property to satisfy a confessed judgment against Erion in the amount of $64,518.33.

101.    Mr. Bennett stated that some of his actual damages include the following:

    a) Lost wages: $1788.10  - Due to exhaustion from having to deal with ongoing litigation
    b) Medical bills: $985.00 - Dr. Bantum / Dr. Clarke / Dr. King
    c) Prescription medication: $ 314.00  - Medicine
    d) Transportation to physicians: - $175.00 - transportation to/from medical procedures
    e) Out of pocket expenses:  $315.00 - meals during medical procedures

102.    Defendants' conduct caused Plaintiff actual damages: including but not limited to lost

wages ($1,788.10); medical bills ($985.00); prescriptions ($314.00); transportation costs to

physicians ($175.00); out of pocket expenses ($315.00); and time spent away from work

associated with seeking and obtaining legal representation to prevent being unlawfully

dispossessed from his home.

103.    In addition, Defendants' conduct caused Plaintiff emotional distress including, but not

limited to, anxiety, loss of sleep, restlessness, loss of appetite, fear of being made homeless.

104.    Plaintiff suffers from a host of physical and emotional maladies as a direct result of

Defendants' listing his home for sheriff sale on not less than nine ("9") sheriff sales (October 3,

2023, November 7, 2023, December 5, 2023, January 9, 2024, February 6, 2024, March 5,

2024, June 4, 2024, August 6, 2024, and  December 3, 2024).

## COUNT I
## WILLFUL VIOLATION OF THE AUTOMATIC STAY
## – vs HARD MONEY AND DUANE MORRIS
## 11 U.S.C. § 362(a)(1), (3), (4) (5) and (6)

105.    The allegations of paragraphs 1–104 above are realleged and incorporated herein by

reference.

106.    The actions of Defendants Hard Money and Duane Morris violate the automatic stay in

this case, by

> a) In violation of 11 U.S.C.§362(a)(6) seeking to collect from the sale of the Property of
> the Debtor $64,518.33 in order to collect a pre-petition debt – namely the unpaid balance
> of the allowed secured claim based on the pre-petition redemption claim on which Hard
> Money incorrectly claims to have obtained a mortgage

> b) In violation of 11 U.S.C. §362(a)(3), by attempting to obtain control over property of
> the estate by obtaining a lien executable against property of the estate, in the event the
> Property has not vested in Debtor free and clear of all claims and interests of Erion;

> c) In violation of 11 U.S.C. §362(a)(4) by attempting to create, perfect or enforce a lien
> against property of the estate, in the event the Property for any reason is found to have
> not vested in Debtor free and clear of any claims or interest of Erion upon confirmation
> of his chapter 13 plan;

> d) In violation of 11 U.S.C. §362(a)(5) by attempting to enforce a lien against property of
> the Debtor to collect a pre-petiton Debt, namely the unpaid balance of the redemption
> debt, that has been incorporated in the claim allowed in favor of Erion.  See 11 U.S.C.
> §102(2)(claim against debtor includes claim against property of debtor)

107.    Defendant, Hard Money violated 11 U.S.C. §§ 362(a)(2);(a)(5) and (a)96) by recording a

mortgage lien on Debtor's property on January 14, 2022 in the sum of $64,518.33.

108.    Defendants violated the automatic stay 11 U.S.C.§ (a)(2); (a)(5) and (a)(6) by

commencing a judicial proceeding titled "Confession of Judgment Complaint with <u>Averment of</u>

<u>Mortgage"</u> with the intention of executing and selling Debtor's property to collect from such sale

any unpaid amounts owed to Erion pre-petition redemption claim which was filed and allowed in

Debtor's bankruptcy and which is provided for in Debtor's confirmed chapter 13 plan. *See* ¶ Ex. 6.

109.     Defendants violated 11 U.S.C §362(a)(5) and (a)(6) by filing a Praecipe for the Writ of Execution on July 12, 2023 with the intention of executing and selling debtor's property to satisfy its judgment particularly since it failed to limit any execution to any interest in the Property that was not owned by Debtor and failed to make clear that it did not intend to collect from the sale of the Property any unpaid portion of the prepetition debt that was included allowed as part of Erion's allowed claim . *See* ¶ Ex. 7.

110.     Defendants' violated the automatic stay by attempting to sell Debtor's property at eight ("8")  sheriff sales scheduled on the following dates: (October 3, 2023, November 7, 2023, December 5, 2023, January 9, 2024, February 6, 2024, March 5, 2024, June 4, 2024, August 6, 2024, and  December 3, 2024); and continue to violate the automatic stay with a pending ninth ("9") sheriff's sale scheduled on December 3, 2024

111.     Defendants' actions are in violation of the automatic stay entered in Plaintiff's bankruptcy case, and entitle Plaintiff to the relief afforded under 11 U.S.C. § 362(k), and additionally constitute contempt of bankruptcy court orders.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

(1)     Declaring that Defendants' conduct, as detailed above, violates the Bankruptcy Code, 11 U.S.C. § 362;

(2)     Assessing exemplary or punitive damages against Defendants in an amount which

the Court determines to be appropriate for Defendants' willful violations of the

Bankruptcy Code;

(3)     Awarding Debtor actual damages including damages for emotional distress in an

amount to be determined after trial;

(4)     Awarding Plaintiff his reasonable attorney's fees and costs; and

(5)     Granting such other relief as the Court deems appropriate and just.


## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## – vs HARD MONEY AND DUANE MORRIS
## ("FCEUA"), 73 Pa. C.S. § 2270.1, et. seq.

112.    Plaintiff incorporates by reference paragraphs 1 through 111 of this Complaint as fully

set forth herein.

113.    Defendants Hard Money and Duane Morris are each a "debt collector" as defined by

section 2270.3 of the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"), 73 P.S.

§ 2270.3.

114.    Plaintiff is a "debtor" as defined by 73 P.S. §2270.3.

115.    By engaging in the conduct described above Defendants Hard Money and Duane Morris

violated the following provisions of the PFCEUA:

a.      73 P.S. § 2270.4 (prohibiting a creditor from engaging "in any conduct the natural
        consequence of which is to harass, oppress or abuse any person in connection with the
        collection of a debt");

b.      73 P.S. § 2270.5 (prohibiting the use of any "false representation or deceptive means to
        collect or attempt to collect any debt");

c.      73 P.S. § 2270.5(ii) (prohibiting "the false representation of the "character, amount
        or legal status of any debt");

d.     73 P.S. § 2270.5(iv) (prohibiting "the representation or implication that nonpayment of any debt will result in the seizure, attachment or sale of any property");

e.     73 P.S. § 2270.6 (prohibiting "unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this paragraph:

   i.     73 P.S. § 2270.6 (i) The collection of any amount, including interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law;

   ii.     73 P.S. § 2270.6 (vi) Taking or threatening to take any non-judicial action to "effect dispossession or disablement of property if:
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;
(C) the property is exempt by law from such dispossession or disablement

116.    Defendants' conduct runs afoul of the conducted prohibited by sections 73 P.S. § 2270.4, (5) & (6).

117.    Violations under the FCEUA are per se violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. See 73 P.S. § 2270.5; 73 P.S. § 201-9.2.

118.    Defendants' violated UTPCPL, because, pursuant to PFCEUA, 73 P.S. § 2270.5(a), any unfair or deceptive debt collection act or practice under PFCEUA by a creditor, as set forth above, constitutes a *per se* violation of UTPCPL.

119.    Defendants' conduct caused Plaintiff an ascertainable loss of money:

   a) Lost wages: $1788.10  - Due to exhaustion from having to deal with ongoing litigation
   b) Medical bills: $985.00 - Dr. Bantum / Dr. Clarke / Dr. King
   c) Prescription medication: $ 314.00 - Medicine
   d) Transportation to physicians: - $175.00 - transportation to/from medical procedures
   e) Out of pocket expenses:  $315.00 - meals during medical procedures

120.    Defendants' conduct caused Plaintiff actual damages: including but not limited to lost wages ($1,788.10); medical bills ($985.00); prescriptions ($314.00); transportation costs to

physicians ($175.00); out of pocket expenses ($315.00); and time spent away from work associated with seeking and obtaining legal representation to prevent being unlawfully dispossessed from his home.

121.    In addition, Defendants' conduct caused Plaintiff emotional distress including, but not limited to, anxiety, loss of sleep, restlessness, loss of appetite, fear of being made homeless.

122.    The actions of Defendants Hard Money and Duane Morris violate the PFCEUA in this case, by

      a)      Defendant Hard Money acted in violation of CPL, and FCEUA, when it recorded a mortgage lien on Debtor's property on January 14, 2022 in the sum of $64,518.33;

      b)      Defendants Hard Money and Duane Morris acted in violation of CPL, and FCEUA, when they filed a writ of execution seeking to execute not just on Erion's interest in Debtor's home but on the entire property and when they tried to collect from the sale of that property $64,518.33;

      c)      Defendants Hard Money and Duane Morris acted in violation of CPL, and FCEUA, when they listed the entire Property for sale not less than 9 times (October 3, 2023, November 7, 2023, December 5, 2023, January 9, 2024, February 6, 2024, March 5, 2024, June 4, 2024, August 6, 2024, and December 3, 2024) describing the property by its address, and its BR #, without qualification of whose interest in the property is being subject to sale and that interest subject to sale is a limited one, i.e., the putative interest if any that Erion might have had in the property.

## PRAYER FOR RELIEF

WHEREFORE, Gregory Bennett prays that judgment be entered against Defendants' for the following:

(1)    Award Debtor his actual damages, including damages for emotional distress, or statutory damages, in an amount to be determined at trial;

(2)    Award Debtor treble damages per 73 P.S. § 201-9.2;

(3)    Award Debtor attorneys' fees and costs;

(4)     Permanently enjoin Hard Money PA LLC and its debt collector attorney from taking any action to complete or perfect the sale or to obtain possession of the Property;

(5)     Grant such other relief as may be necessary and proper under applicable law.

### COUNT III – vs. DUANE MORRIS
### FDCPA

123.    Plaintiff incorporates by reference paragraphs 1 through 122 of this Complaint as fully set forth herein.

124.    Duane Morris is a debt collector within the meaning of the Fair Debt Collection Practices Act – (FDCPA). 15 U.S.C. §1692(a)(6).

125.    At all times relevant Duane Morris was acting as a debt collector for Defendant Hard

126.    Duane Morris regularly engages in the collection of consumer debts in the Eastern District of Pennsylvania.

127.    The above described actions by Duane Morris in its capacity as the debt collector for Hard Money constitute violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692e, 1692e(10), and 1692f of the FDCPA.

128.    As the result of these violations Debtor suffered the actual damages described in paragraphs ¶¶ 89, 94-97, 101-104.

WHEREFORE, Plaintiff respectfully prays this honorable court to:

(1)     Award Debtor his actual damages, including damages for emotional distress, in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     Award Debtor or statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     Award Debtor attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

(4)     Permanently enjoin Hard Money PA LLC and its debt collector attorney from taking any action to complete or perfect the sale or to obtain possession of the Property;

(5)     Grant such other relief as may be necessary and proper under applicable law.

## COUNT IV – vs. ERION

### AVOIDANCE OF ANY LIEN OR INTEREST IN THE PROPERTY PURSUANT TO 11 U.S.C. § 506(d) RESULTING FROM THE TAX SALE OVER AND ABOVE THE AMOUNT OF THE ALLOWED SECURED CLAIM

129.    Plaintiff incorporates by reference paragraphs 1 through 128 of this Complaint as fully set forth herein.

130.    Debtor owns real property located at [519 N. Wanamaker Street, Philadelphia, PA 19131] (the "Property").

131.    The court entered an order finding Erion to have an allowed secured claim, secured by a lien on Debtor's home in the amount of $46,750.00 including present value interest.

132.    Pursuant to 11 U.S.C. §506(d) any lien Erion may have otherwise had on Debtor's Home is void to the extent the lien exceeds the amount of the allowed secured claim.

133.    To date, Gregory Bennett has paid $34,036.80 to Erion.

134.    The present unpaid amount of the allowed claim is $12,713.20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court avoid, pursuant to 11 U.S.C. §506(d) any lien Erion may have had on Debtor's home to the extent it exceeds or exceeded $46,750.00 and to further enter an order providing that the unpaid amount of the allowed secured claim is $12,713.20.

## COUNT V – vs. ERION AND HARD MONEY

### DETERMINATION PURSUANT TO 11 U.S.C § 1327(C) AND ¶7(a)(1) OF DEBTOR'S FOURTH CONFIRMED CHAPTER 13 PLAN THAT TITLE TO DEBTOR'S HOME VESTED IN DEBTOR FREE AND CLEAR OF ANY CLAIM OR INTEREST HELD BY ERION AS SECURITY FOR ITS ALLOWED SECURED CLAIM FOR WHICH DEBTOR'S CONFIRMED PLAN PROVIDES

135. Plaintiff incorporates by reference paragraphs 1 through 134 of this Complaint as fully set forth herein.

136. On October 29, 2021, this Court confirmed Debtor's fourth amended Chapter 13 plan (the "Plan"), which provides for the payment of the redemption amount due on Debtor's home to Erion ($46,750). *See* D.I. # 60.

137. Paragraph 7(a)(1) of the Plan states that upon completion of the Plan, title to Debtor's home shall vest in Debtor free and clear of any allowed secured claims, including the Defendant's claim for the redemption amount.

138. The Defendant holds a secured claim against Debtor's home, secured by a defeasible tax sale deed from the sheriff.

139. Pursuant to 11 U.S.C. § 1327(c), upon confirmation of the Plan, the property of the estate vests in the Debtor free and clear of any "claim or interest of any creditor provided for by the plan" that were provided for in the Plan.

140. Debtor requests a determination that title to Debtor's home has vested in Debtor upon confirmation free and clear of any claim or interest of Erion and that at the time Erion executed a mortgage to Hard Money, Erion had no interest in Debtor's home to encumber.

141. For this reason the mortgage executed by Erion is a nullity and Hard Money obtained no lien or other interest in Debtor's home as the result of its having obtained a judgment by confession against Erion.

## PRAYER FOR RELIEF

WHEREFORE, Gregory Bennett prays that judgment be entered against Defendants in favor of Defendant and that it enter an Order;

(1)    Declaring title to Debtor's Home has vested in Debtor free and clear of all claims and interests which Erion may have had in or against Debtor's Home;

(2)    Declaring the mortgage on Debtor's home executed by Erion in favor of Hard Money dated November 9, 2021 and recorded on January 14, 2022 to be a nullity that creates no interest in Debtor's Home;

(3)    Declaring the judgment obtained by Hard Money by confession against Erion to create no lien or interest in Debtor's Home;

(4)    Declaring the writ of execution obtained by Hard Money pursuant to its confessed judgment against Erion directing the sale of Debtor's Home to be a nullity and directing Hard Money to withdraw said writ and to make no further attempt to expose Debtor's Home to sheriff sale in satisfaction of said judgment;

(5)    Directing the Philadelphia Department of Records to accept a certified copy of its order for recording; and

(6)    Granting such other and further relief as the Court deems just and proper.


Dated:  September 6, 2024

By: */s/ Predrag Filipovic*               BY: */s/ Stephen M. Dunne*
**Predrag Filipovic, Esquire**          **Stephen M. Dunne, Esquire**
230 S. Broad Street, Floor 17, Suite 36    1515 Market Street, Suite 1200
Philadelphia, PA 19102                   Philadelphia, PA 19102
267-265-0520 Phone                     (215) 551-7109 Phone
Attorney for Plaintiff                    Attorney for Plaintiff