¶ Ex. 11



Stephen Dunne &lt;stephen@dunnelawoffices.com&gt;

# Re: 519 N. Wanamaker Street, Philadelphia, PA 19131 / Chapter 13 Bankruptcy #19-12991
4 messages

**Stephen Dunne** &lt;stephen@dunnelawoffices.com&gt;            Fri, Sep 22, 2023 at 11:57 AM
To: "McKee, Edward J." &lt;EJMcKee@duanemorris.com&gt;
Cc: "Gower, Ryan" &lt;RGower@duanemorris.com&gt;

Good morning Edward/Ryan:

Your client, HARD MONEY PA, sent a Notice of Sheriff Sale to the "tenant" at 519 N. Wanamaker Street, Philadelphia, PA 19131.

Mr. Gregory Bennett owns 519 N. Wanamaker Street, Philadelphia, PA 19131, and filed a Chapter 13 bankruptcy in 2019 under 53 P.S. § 7293 to redeem his property, and all trustee payments are current.

Attached is the confirmed Chapter 13 Plan.

Please inform the Sheriff that this property is subject to the automatic stay.

Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax:     (215) 525-9721

**2022 Bankruptcy Superlawyer in Philadelphia, PA**
**5-star Google Reviews**

---

**2 attachments**

 **Modified Plan.pdf**
480K

 **Notice of Sheriff Sale - November 3, 2023.pdf**
138K

**2022 Bankruptcy Superlawyer** in Philadelphia, PA
5-star Google Reviews

[Quoted text hidden]

 **Claim Detail _ NDC.pdf**
288K

---

**Gower, Ryan** <RGower@duanemorris.com>                                    Fri, Sep 22, 2023 at 12:43 PM
To: Stephen Dunne <stephen@dunnelawoffices.com>
Cc: "McKee, Edward J." <EJMcKee@duanemorris.com>

Hi Stephen - please give me a call at (267) 606-8910 to discuss.

Thanks,
Ryan

Sent from my iPhone
[Quoted text hidden]

> [Quoted text hidden]
> <Claim Detail _ NDC.pdf>

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

---

**Gower, Ryan** <RGower@duanemorris.com>                                    Fri, Sep 22, 2023 at 2:27 PM
To: Stephen Dunne <stephen@dunnelawoffices.com>, "McKee, Edward J." <EJMcKee@duanemorris.com>

Hi Stephen – the sale is currently scheduled for November 7th so we have time to run to ground the issues we discussed on our call.

Please let me know your availability for a call to discuss on Wednesday or Thursday of next week.

Thanks,

Ryan

**Ryan A. Gower**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
P: +1 215 979 1586
F: +1 215 689 4928



Stephen Dunne <stephen@dunnelawoffices.com>

# Re: 519 N. Wanamaker Street, Philadelphia, PA 19131 / Chapter 13 Bankruptcy #19-12991 / Gregory Bennett

4 messages

**Stephen Dunne** <stephen@dunnelawoffices.com>  Fri, Nov 3, 2023 at 9:11 AM
To: "McKee, Edward J." <EJMcKee@duanemorris.com>
Cc: "Gower, Ryan" <RGower@duanemorris.com>

Good morning Edward/Ryan:

I wrote to you on September 22, 2023, explaining that Gregory Bennett owns and resides in the property at 519 N. Wanamaker Street, and provided you a copy of his confirmed Chapter 13 Plan and case # 19-12991. I explained via email and telephone that Mr. Bennett exercised his Right of Redemption under Pennsylvania law (53 P.S. § 7293), and that he is the rightful owner of this property, which is subject to the automatic stay.

It's been 42 days, and you have not requested a postponement of the sale of this property.

I just telephoned the Sheriff's Office on November 3rd at 8.36 AM, and they confirmed that you have not requested a postponement of the sale of this property. Kindly communicate a postponement to the Sheriff's Office immediately (Fax # 215-686-3971) (Real Estate Department).

I admonish you to immediately contact the Philadelphia Sheriff and request a postponement of the November 7th Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA 19131, which is subject to the automatic stay.

Please respond at your earliest convenience.

Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax:    (215) 525-9721



Stephen Dunne <stephen@dunnelawoffices.com>

# Re: Final Notice - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.
2 messages

**Stephen Dunne** <stephen@dunnelawoffices.com>                                                                  Sat, Nov 18, 2023 at 10:50 AM
To: "McKee, Edward J." <EJMcKee@duanemorris.com>
Cc: "Gower, Ryan" <RGower@duanemorris.com>

Good morning Edward/Ryan:

It appears patently clear that your client, Hard Money PA LLC, violated the automatic stay in attempting to sell Gregory Bennett's property located at 519 N. Wanamaker Street, Philadelphia, PA 19131, and that continuing violation needs to stop, immediately.

Let's be clear - Your client is selling a debtor's house during the pendency of his Chapter 13 bankruptcy (Case # 19-12991). There is no excuse or explanation for this course of action. I am providing you with a copy of Mr. Bennett's 2006 DEED, along with each subsequent recorded DEED (2018, 2019), and your client's 2022 Assignment of Rents. It's clear that Mr. Bennett invoked his Right of Redemption which led to Judge Coleman confirming his Chapter 13 Plan.

Perhaps this situation manifested due to a combined failure of your client, Hard Money PA LLC, and First National Title Insurance Company to recognize that under Pennsylvania law, a purchaser at a tax sale acquires an inchoate, defeasible title which does not change the status or title of the property owner until the redemption period has passed. *Appeal of Singer*, 7 A. 800, 801 (Pa.1887). See also *City of Philadelphia. v. Woodside*, 10 Pa. D. & C. 565 ([Pa.Com.Pl](). 1928). See also 72 P.S. § 5941.3 (a tax sale purchaser takes real estate free and clear of delinquent taxes subject to the right of redemption). The purchaser's only absolute interest in the property until the redemption period expires is to receive the money paid on redemption. *Shalemiller v. McCarty*, 55 Pa. 186, 188 (Pa.1867). The purchaser has no claim to possession or ejectment against an owner during the redemption period. *Easton v. Sulkin*, 19 Pa. D. & C. 152 (Pa.Com.Pl.1933). See also 72 P.S. § 6071 (right of redemption).
See I*n re Terry,* 505 BR 660 - Bankr. Court, ED Pennsylvania 2014.

Please provide me with proof of cancellation of this Sheriff Sale by close of business, Monday, November 20th.

Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200

Philadelphia, PA 19102  
Phone: (215) 551-7109  
Fax:     (215) 525-9721

---

**5 attachments**

- **2006 DEED.pdf** 141K
- **2018 DEED.pdf** 138K
- **2019 DEED.pdf** 279K
- **2022 - Assignment of Rents.pdf** 432K
- **Philadox - Search Results.pdf** 99K

---

**Gower, Ryan** <RGower@duanemorris.com>        Mon, Nov 20, 2023 at 9:03 AM  
To: Stephen Dunne <stephen@dunnelawoffices.com>, "McKee, Edward J." <EJMcKee@duanemorris.com>

Good morning Stephen – I just left you a voice message on this matter. Please give me a call to discuss when you are free. I can be reached on my cell, 267-606-8910.

Thanks,

Ryan

**Ryan A. Gower**  
Associate

Duane Morris LLP  
30 South 17th Street  
Philadelphia, PA 19103-4196  
**P:** +1 215 979 1586  
**F:** +1 215 689 4928

RGower@duanemorris.com  
www.duanemorris.com

[Quoted text hidden]

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

RGower@duanemorris.com
www.duanemorris.com

[Quoted text hidden]


[Quoted text hidden]


Stephen Dunne <stephen@dunnelawoffices.com>

# Re: Monday, November 20th - 4th Notice - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.

1 message

**Stephen Dunne** <stephen@dunnelawoffices.com>  Mon, Nov 20, 2023 at 9:33 AM
To: "Gower, Ryan" <RGower@duanemorris.com>
Cc: "McKee, Edward J." <EJMcKee@duanemorris.com>

Good morning Ryan,

Pursuant to 11 U.S.C. §362, the automatic stay is in effect, and the continuation of the Sheriff Sale is a violation of the stay. The continued Sheriff Sale constitutes a willful violation of two of the Bankruptcy Code's automatic stay provisions: Section 361(a)(3), involving "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and Section 362(a)(4), involving "any act to create, perfect, or enforce any lien against property of the estate."

I don't see how you can justify to Judge Coleman that you are allowed to sell the Debtor's house in a pending Chapter 13 bankruptcy case?
As I said, the mortgage lender providing a mortgage to a purchaser at a tax sale during the redemption period made a costly mistake. That mistake is correctly remedied by pursuing a title insurance claim, not by attempting to sell the debtor's home.

Please inform the Philadelphia Sheriff that the continued Sheriff Sale is hereby cancelled, and provide a copy to our office by Monday, November 20th at 5.00 PM.

Failure to provide proof of the canceled Sheriff Sale will necessitate costs, fees, and sanctions for violation of the stay.

Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax:    (215) 525-9721


On Mon, Nov 20, 2023 at 9:03 AM Gower, Ryan <RGower@duanemorris.com> wrote:

> Good morning Stephen – I just left you a voice message on this matter.  Please give me a call to discuss when you are free.  I can be reached on my cell, 267-606-8910.
>
>
> Thanks,
>
> Ryan
>
>
> **Ryan A. Gower**
> Associate
>
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA 19103-4196
> **P:** +1 215 979 1586
> **F:** +1 215 689 4928

RGower@duanemorris.com
www.duanemorris.com

---

**From:** Stephen Dunne <stephen@dunnelawoffices.com>
**Sent:** Saturday, November 18, 2023 10:51 AM
**To:** McKee, Edward J. <EJMcKee@duanemorris.com>
**Cc:** Gower, Ryan <RGower@duanemorris.com>
**Subject:** Re: Final Notice - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.


Good morning Edward/Ryan:

It appears patently clear that your client, Hard Money PA LLC, violated the automatic stay in attempting to sell Gregory Bennett's property located at 519 N. Wanamaker Street, Philadelphia, PA 19131, and that continuing violation needs to stop, immediately.


Let's be clear - Your client is selling a debtor's house during the pendency of his Chapter 13 bankruptcy (Case # 19-12991). There is no excuse or explanation for this course of action. I am providing you with a copy of Mr. Bennett's 2006 DEED, along with each subsequent recorded DEED (2018, 2019), and your client's 2022 Assignment of Rents. It's clear that Mr. Bennett invoked his Right of Redemption which led to Judge Coleman confirming his Chapter 13 Plan.


Perhaps this situation manifested due to a combined failure of your client, Hard Money PA LLC, and First National Title Insurance Company to recognize that under Pennsylvania law, a purchaser at a tax sale acquires an inchoate, defeasible title which does not change the status or title of the property owner until the redemption period has passed. *Appeal of Singer*, 7 A. 800, 801 (Pa.1887). See also *City of Philadelphia. v. Woodside*, 10 Pa. D. & C. 565 (Pa.Com.Pl. 1928). See also 72 P.S. § 5941.3 (a tax sale purchaser takes real estate free and clear of delinquent taxes subject to the right of redemption). The purchaser's only absolute interest in the property until the redemption period expires is to receive the money paid on redemption. *Shalemiller*

*v. McCarty*, 55 Pa. 186, 188 (Pa.1867). The purchaser has no claim to possession or ejectment against an owner during the redemption period. *Easton v. Sulkin*, 19 Pa. D. & C. 152 (Pa.Com.Pl.1933). See also 72 P.S. § 6071 (right of redemption).

See I*n re Terry,* 505 BR 660 - Bankr. Court, ED Pennsylvania 2014.

Please provide me with proof of cancellation of this Sheriff Sale by close of business, Monday, November 20th.

Thank you.

Stephen M. Dunne, Esq.

Dunne Law Offices, P.C.

1515 Market Street, Suite 1200

Philadelphia, PA 19102

Phone: (215) 551-7109

Fax:     (215) 525-9721

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.



Stephen Dunne <stephen@dunnelawoffices.com>

# Re: Monday, November 20th - 5th Notice - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.

1 message

**Stephen Dunne** <stephen@dunnelawoffices.com>　　　　　　　　　　　Mon, Nov 20, 2023 at 10:02 AM
To: "Gower, Ryan" <RGower@duanemorris.com>
Cc: "McKee, Edward J." <EJMcKee@duanemorris.com>

Good morning Ryan,

Please inform the Philadelphia Sheriff that the continued Sheriff Sale is hereby cancelled, and provide a copy to our office by Monday, November 20th at 5.00 PM.

Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax:    (215) 525-9721

**2024 Bankruptcy Superlawyer** in Philadelphia, PA
5-star **Google Reviews**

On Mon, Nov 20, 2023 at 9:53 AM Gower, Ryan <RGower@duanemorris.com> wrote:

> Hi Stephen – I just tried calling and left another voice message.  Please give me a call at your earliest opportunity.
>
> Thank you,
>
> Ryan
>
> **Ryan A. Gower**
> Associate
>
> Duane Morris LLP
> 30 South 17th Street
> Philadelphia, PA 19103-4196
> **P:** +1 215 979 1586
> **F:** +1 215 689 4928
>
> RGower@duanemorris.com
> www.duanemorris.com

**From:** Stephen Dunne <stephen@dunnelawoffices.com>
**Sent:** Monday, November 20, 2023 9:34 AM
**To:** Gower, Ryan <RGower@duanemorris.com>
**Cc:** McKee, Edward J. <EJMcKee@duanemorris.com>
**Subject:** Re: Monday, November 20th - 4th Notice - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.

Good morning Ryan,

Pursuant to 11 U.S.C. §362, the automatic stay is in effect, and the continuation of the Sheriff Sale is a violation of the stay. The continued Sheriff Sale constitutes a willful violation of two of the Bankruptcy Code's automatic stay provisions: Section 361(a)(3), involving "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and Section 362(a)(4), involving "any act to create, perfect, or enforce any lien against property of the estate."

I don't see how you can justify to Judge Coleman that you are allowed to sell the Debtor's house in a pending Chapter 13 bankruptcy case?

As I said, the mortgage lender providing a mortgage to a purchaser at a tax sale during the redemption period made a costly mistake. That mistake is correctly remedied by pursuing a title insurance claim, not by attempting to sell the debtor's home.

Please inform the Philadelphia Sheriff that the continued Sheriff Sale is hereby cancelled, and provide a copy to our office by Monday, November 20th at 5.00 PM.

Failure to provide proof of the canceled Sheriff Sale will necessitate costs, fees, and sanctions for violation of the stay.

Thank you.

Stephen M. Dunne, Esq.

Dunne Law Offices, P.C.

1515 Market Street, Suite 1200

Philadelphia, PA 19102

Phone: (215) 551-7109

Fax:    (215) 525-9721

On Mon, Nov 20, 2023 at 9:03 AM Gower, Ryan <RGower@duanemorris.com> wrote:

> Good morning Stephen – I just left you a voice message on this matter. Please give me a call to discuss when you are free. I can be reached on my cell, 267-606-8910.
>
> Thanks,

Ryan

**Ryan A. Gower**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1586
**F:** +1 215 689 4928

RGower@duanemorris.com
www.duanemorris.com

---

**From:** Stephen Dunne <stephen@dunnelawoffices.com>
**Sent:** Saturday, November 18, 2023 10:51 AM
**To:** McKee, Edward J. <EJMcKee@duanemorris.com>
**Cc:** Gower, Ryan <RGower@duanemorris.com>
**Subject:** Re: Final Notice - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.


Good morning Edward/Ryan:

It appears patently clear that your client, Hard Money PA LLC, violated the automatic stay in attempting to sell Gregory Bennett's property located at 519 N. Wanamaker Street, Philadelphia, PA 19131, and that continuing violation needs to stop, immediately.

Let's be clear - Your client is selling a debtor's house during the pendency of his Chapter 13 bankruptcy (Case # 19-12991). There is no excuse or explanation for this course of action. I am providing you with a copy of Mr. Bennett's 2006 DEED, along with each subsequent recorded DEED (2018, 2019), and your client's 2022 Assignment of Rents. It's clear that Mr. Bennett invoked his Right of Redemption which led to Judge Coleman confirming his Chapter 13 Plan.


Perhaps this situation manifested due to a combined failure of your client, Hard Money PA LLC, and First National Title Insurance Company to recognize that under Pennsylvania law, a purchaser at a tax sale acquires an inchoate, defeasible title which does not change the status or title of the property owner

until the redemption period has passed. *Appeal of Singer*, 7 A. 800, 801 (Pa.1887). See also *City of Philadelphia. v. Woodside*, 10 Pa. D. & C. 565 ([Pa.Com.Pl](Pa.Com.Pl). 1928). See also 72 P.S. § 5941.3 (a tax sale purchaser takes real estate free and clear of delinquent taxes subject to the right of redemption). The purchaser's only absolute interest in the property until the redemption period expires is to receive the money paid on redemption. *Shalemiller v. McCarty*, 55 Pa. 186, 188 (Pa.1867). The purchaser has no claim to possession or ejectment against an owner during the redemption period. *Easton v. Sulkin*, 19 Pa. D. & C. 152 (Pa.Com.Pl.1933). See also 72 P.S. § 6071 (right of redemption).

See I*n re Terry,* 505 BR 660 - Bankr. Court, ED Pennsylvania 2014.

Please provide me with proof of cancellation of this Sheriff Sale by close of business, Monday, November 20th.

Thank you.

Stephen M. Dunne, Esq.

Dunne Law Offices, P.C.

1515 Market Street, Suite 1200

Philadelphia, PA 19102

Phone: (215) 551-7109

Fax:     (215) 525-9721

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.



Stephen Dunne <stephen@dunnelawoffices.com>

---

# Re: 6th Notice - Monday, November 30th - - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.

---

**Stephen Dunne** <stephen@dunnelawoffices.com>　　　　　　　　　　Thu, Nov 30, 2023 at 2:54 PM
To: "Gower, Ryan" <RGower@duanemorris.com>
Cc: "McKee, Edward J." <EJMcKee@duanemorris.com>

Good afternoon Ryan/Edward,

It has come to my attention that my client, Gregory Bennett is currently undergoing significant emotional distress due to the recent attempts to sell his house at Sheriff's Sale, as initiated by your client, HARD MONEY PA LLC. This situation has exacerbated my client's emotional state, prompting a pressing need for medical attention.

This is our 6th Notice to your client to cancel the pending Sheriff Sale scheduled for January 9, 2024.

Your client, HARD MONEY PA LLC was informed through counsel on September 22nd, that a Chapter 13 bankruptcy was filed, and that was 70 days ago. The only notice required is to send a notice of cancellation to the Philadelphia Sheriff's Office.

Please inform the Philadelphia Sheriff that the pending Sheriff Sale scheduled for January 9, 2024, is hereby canceled.


Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax:     (215) 525-9721

**2024 Bankruptcy Superlawyer in Philadelphia, PA**
**5-star Google Reviews**


On Thu, Nov 30, 2023 at 12:46 PM Gower, Ryan <RGower@duanemorris.com> wrote:

> Thanks, Stephen.  I just want to reiterate that we are working towards a good faith resolution here but I have a few concerns around noticing that I would like to discuss.
>
>
> -Ryan

**Ryan A. Gower**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1586
**F:** +1 215 689 4928

RGower@duanemorris.com
www.duanemorris.com


Stephen Dunne <stephen@dunnelawoffices.com>

# Re: 7th Notice - Monday, November 30th - - Cancel the Sheriff Sale of 519 N. Wanamaker Street, Philadelphia, PA by close of business, Monday, November 20th.

1 message

**Stephen Dunne** <stephen@dunnelawoffices.com>  Thu, Nov 30, 2023 at 4:00 PM
To: "Gower, Ryan" <RGower@duanemorris.com>
Cc: "McKee, Edward J." <EJMcKee@duanemorris.com>

Dear Ryan/Edward,

I am very busy at the moment as it is the last day of the month, and I need to attend to my clients to file their bankruptcy cases.

Your client is violating the automatic stay, and has done so since it listed Gregory Bennett's home for Sheriff Sale 70 days ago.

The filing of a bankruptcy petition prohibits the beginning ("commencement") of a judicial proceeding. The pending sheriff sale (January 9, 2024) violates the automatic stay as there is no creditor/debtor relationship between Hard Money and Gregory Bennett. Furthermore, this is commencement of a judicial proceeding as opposed to a continuation. In other words, the postponement argument preserving the status quo is unavailing under these facts. SEE: *Taylor v. Slick*, 178 F. 3d 698 - Court of Appeals, 3rd Circuit 1999.

**Can you cancel the pending Sheriff Sale?**

**If not, please articulate your position on why you are delaying the cancellation.**

Thank you.

Stephen M. Dunne, Esq.
Dunne Law Offices, P.C.
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Phone: (215) 551-7109
Fax:    (215) 525-9721

**2024 Bankruptcy Superlawyer in Philadelphia, PA**
**5-star Google Reviews**

On Thu, Nov 30, 2023 at 3:03 PM Gower, Ryan <RGower@duanemorris.com> wrote:

Good afternoon Stephen – I just left you a voice message in response to your below email requesting a call back.  Again, I can be reached at 267-606-8910.

To be clear, we have made no indication that the presently scheduled sheriff's sale will be proceeding, and as is customary during a chapter 13, we are continuing the sale date which does not represent a violation of the automatic stay.

Please call me at your soonest opportunity to discuss this matter so that we can attempt to reach a resolution.  The continued escalation of this matter serves no purpose and we are attempting to resolve the issues in good faith despite your repeated attempts at evading a phone call with our firm.

-Ryan

**Ryan A. Gower**
Associate

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103-4196
**P:** +1 215 979 1586
**F:** +1 215 689 4928

RGower@duanemorris.com
www.duanemorris.com